IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NEW VIEW GIFTS & ACCESSORIES, LTD., :
        Plaintiff :
  v.          :  No. 02-CV-3428
            :
TRI-COASTAL DESIGN GROUP,  :
        Defendant.:

**MEMORANDUM**

**Green, S.J.**                     **August  , 2002**

    Presently pending is Defendant's Motion to Stay or Transfer this matter to the United States District Court for the Southern District of New York, and Plaintiff's Response in opposition thereto. For the reasons set forth below, Defendant's motion to transfer will be granted.

    On March 28, 2002, Plaintiff filed civil action number 02-CV-1710 in this court against Defendant. The Complaint against Defendant alleged certain copyright violations. Plaintiff voluntarily dismissed that matter on May 2, 2002. On May 10, 2002 Defendant herein filed an action against Plaintiff herein in the United States District Court for the Southern District of New York alleging copyright violations. After Defendant filed its action against Plaintiff in the Southern District of New York, Plaintiff then filed the instant action against Defendant on May 29, 2002. All of the above referenced actions seek damages and equitable relief for copyright infringement, trade dress rights, and/or common law or statutory unfair competition. Both Plaintiff and Defendant claim to have licensed or to have authority to use certain images from NW Art in Motion, Inc. ("Art in Motion") and to have sold photo albums and photo boxes containing those images. The parties, however, either dispute the validity of the other's license and/or claim that each have sold such items in violation of the other's licensing rights in the images. Defendant argues that the instant action should be stayed or transferred to the United States District Court for the Southern District of New York because after Plaintiff voluntarily

dismissed the action it originally filed in this court, Defendant is the first party to then file an action in court.  Defendant asserts that the "first-filed" rule should apply and that Plaintiff's case must either be stayed or transferred to the Southern District of New York.  Conversely, plaintiff argues that the action it filed and ultimately voluntarily dismissed should be considered the first-filed and that this court should therefore retain jurisdiction over this matter.  Plaintiff alternatively asserts that the first filed rule should not apply to the action pending in the Southern District of New York because Defendant filed it in anticipation of imminent litigation and filed in New York purely as a matter of forum shopping.

I conclude that the first-filed rule should apply to the action Defendant filed in the Southern District of New York.  In an action by the Crosley Corporation against the Hazeltine Corporation for a declaratory judgment concerning the validity and infringement of certain patents, the court held that:

> In all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it. . . It is of obvious importance to all the litigants to have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals. No party has a vested right to have his cause tried by one judge rather than by another of equal jurisdiction.

<u>Crossley Corp. v. Hazletine</u>, 122 F.2d 925, 929-30 (3d Cir. 1941).  Despite it's assertions to the contrary, Plaintiff has not presented the court with circumstances to support a finding that any of the exceptions to the first-filed rule applies in this instance.  <u>See</u>, <u>EEOC v. Univ. of Pennsylvania</u>, 850 F.2d 969 (3d Cir. 1988).  Under <u>Crossley</u> and <u>EEOC</u>, in the exercise of sound discretion, this court should transfer the instant action to the United States District Court for the Southern District of New York.  Plaintiff filed its complaint herein only after Defendant filed in New York.  Despite Plaintiff's assertions that its claims in the instant action are more expansive than those of Defendant in the New York action, both actions involve claims regarding the licensing of Art in Motion images.  I conclude that the first-filed rule should apply

to the New York action and also that Defendant has demonstrated a strong case for transfer. Accordingly, Defendant's motion to transfer will be granted.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NEW VIEW GIFTS & ACCESSORIES, LTD., :
               Plaintiff :
    v. : No. 02-CV-3428
                       :
TRI-COASTAL DESIGN GROUP, :
               Defendant.:

## ORDER

**AND NOW**, this        day of August 2002, upon consideration of Defendant's Motion to Stay or Transfer, **IT IS HEREBY ORDERED** that Defendant's motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this matter to the United States District Court for the Southern District of New York.

                                                      BY THE COURT:

                                                      _____
                                                      Clifford Scott Green, S.J.